977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerald Raphael MOSS, individually and on behalf of all other
Michigan prisoners similarly situated; David Kenneth Caley,
also known as Robert Jack Counterman; James Allen Wiessner,
individually and on behalf of all other Michigan prisoners
similarly situated, Plaintiffs-Appellants,
v.
William J. HUDSON, Chairperson, Michigan Parole Board,
Defendant-Appellee.
 No. 92-1606.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1992.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Jerald Raphael Moss, David Kenneth Caley, and James Allen Wiessner, pro se Michigan prisoners, appeal the district court's judgment dismissing without prejudice their action for declaratory judgment filed under 28 U.S.C. § 2201. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief, the plaintiffs sued the chairperson of the Michigan Parole Board in his official capacity for allegedly violating their rights under the Ex Post Facto Clauses of the United States and Michigan Constitutions. They alleged that the defendant has issued parole orders which require parolees to pay a $30 per month oversight fee or perform 10 hours of community service, pursuant to a state statute which took effect on October 1, 1989. See Mich.Comp.Laws § 791.236a. They further alleged that this condition was being imposed upon parolees whose offenses occurred before the effective date of the amended parole statute. The plaintiffs also filed motions for a temporary restraining order (TRO) and for class certification. These motions were denied.
 
 
 4
 In a report filed July 23, 1991, the magistrate judge recommended that the defendant's motion to dismiss the plaintiffs' complaint, which he construed as a civil rights action pursuant to 42 U.S.C. § 1983, be granted. He found that the amended parole statute was not punitive but focused on the mere fact of parole, regardless of the nature of the crime committed. He further noted that failure to pay the fee did not result in revocation of parole. Therefore, he concluded that the statute as applied did not violate the Ex Post Facto Clause. The plaintiffs filed timely objections. After a de novo review, the district court dismissed this action without prejudice in an order and judgment filed April 16, 1992. The district court determined that the plaintiffs, who were not currently on parole, lacked standing to challenge the statute.
 
 
 5
 On appeal, the plaintiffs argue that: (1) the magistrate judge erred in sua sponte construing their complaint for declaratory judgment as a civil rights action, (2) the amended parole statute violates the Ex Post Facto Clauses of the state and federal constitutions, (3) the magistrate judge erred in denying their motions for class certification and TRO, and (4) the district court erred by failing to allow them to amend their complaint to conform to the evidence. In addition, Caley has filed a motion to dismiss Wiessner as a party to this appeal and Moss has filed an affidavit concurring with this motion.
 
 
 6
 Upon review, we affirm the district court's judgment because that court did not err in finding that the plaintiffs in this case lacked standing to challenge Michigan's amended parole statute. See Heimberger v. School Dist. of City of Saginaw, 881 F.2d 242, 245 (6th Cir.1989).
 
 
 7
 Moreover, because the plaintiffs lacked standing to sue in their own behalf, the magistrate did not err in denying their motion for class certification. See O'Shea v. Littleton, 414 U.S. 488, 494 (1974). For the same reason, the district court did not abuse its discretion in denying preliminary injunctive relief. See International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991), cert. denied, 112 S.Ct. 2941 (1992).
 
 
 8
 In light of our disposition of this case, the plaintiffs' argument on appeal that the magistrate judge erred in construing their complaint as a civil rights action pursuant to 42 U.S.C. § 1983 is moot. Contrary to their belief, the requirement that they must have "suffered an injury" is present for standing to maintain a declaratory judgment action in federal court. See Allen v. Wright, 468 U.S. 737, 751 (1984); Michigan State Chamber of Commerce v. Austin, 788 F.2d 1178, 1181-82 (6th Cir.1986); Detroit, Toledo and Ironton R. Co. v. Consolidated Rail Corp., 767 F.2d 274, 279 (6th Cir.1985).
 
 
 9
 In addition, the district court did not abuse its discretion in failing to allow the plaintiffs to amend their complaint. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). An examination of the district court's docket sheet shows that no amended or supplemental complaint was tendered for filing. Moreover, the plaintiffs do not state in their brief on appeal in what manner they sought to amend their complaint. In any event, because the plaintiffs remained in prison and were not released on parole during the pendency of this action before the district court, there appears to be no way in which they could have amended the complaint to overcome their lack of standing.
 
 
 10
 Finally, the motion to dismiss Wiessner as a party to this appeal is not well taken. We note that Wiessner himself has not requested dismissal and that the disposition of this appeal will not prejudice his right to bring a future action for which he may have standing.
 
 
 11
 Accordingly, we deny the motion to voluntarily dismiss plaintiff-appellant Wiessner. The district court's judgment, entered April 19, 1992, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation